# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JANE DOE and JOHN DOE,

husband and wife,

                  Plaintiffs,

                                Case Number: 13-cv-14358 (JCO)
vs.                                (MKM)

ETIHAD AIRWAYS, P.J.S.C.          Hon. John Corbett O'Meara

                  Defendant.

| DRIGGERS, SCHULTZ & HERBST P.C. | CLYDE & CO US LLP |
|---|---|
| Mark Kelley Schwartz (P48058) | Andrew J. Harakas (P39829) |
| Attorney for Plaintiffs | Attorney for Defendant |
| 2600 West Big Beaver Road, Suite 550 | Etihad Airways P.J.S.C |
| Troy, MI 48084 | 405 Lexington Avenue, 16th Floor |
| Phone: (248) 649-6000 | New York, New York 10174 |
| Fax: (248) 649-6442 | Phone: (212) 710-3920 |
| Email: MSchwartz@driggersschultz.com | Fax: (212) 710-3950 |
| | Email: andrew.harakas@clydeco.us |
| | |
| | JAFFE RAITT HEUER & WEISS, P.C. |
| | Scott Torpey (P36179) |
| | William D. Adams (P54404) |
| | 27777 Franklin Road, Suite 2500 |
| | Southfield, MI 48034-8214 |
| | Phone: (248) 727-1461 |
| | Fax: (248) 351-3082 |
| | Email: storpey@jaffelaw.com |
| | wadams@jaffelaw.com |

# ETIHAD'S BRIEF IN FURTHER SUPPORT OF
# ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Etihad Airways P.J.S.C.'s ("Etihad") submits this reply brief in further support of its motion for partial summary judgment dismissing Plaintiffs' claims for fear of contagion because such damages are not recoverable under the Montreal Convention or Michigan law.[1]

***The Convention and Mental Anguish.***   In order for mental anguish damages to be recoverable, they must *flow from a bodily injury*.  None of the cases cited by Plaintiffs support a finding that Plaintiff Jane Doe's mental anguish damages flowed from her alleged bodily injury—the needle stick.  Pl's Opp., pp. 9-10. Rather, Plaintiffs rely heavily on cases addressing the recoverability of mental anguish damages for pre-death pain and suffering once a bodily injury has been sustained in air crash cases.  These cases are inapposite to a needle stick event.

For example, in the cases arising from the shooting down by a Soviet aircraft of Korean Air Lines Flight KE 007 over the Sea of Japan the passenger-decedents suffered physical injuries as a result of the Soviet missile strike and the rapid decompression of the aircraft.  *See In re Korean Air Lines Disaster of September 1, 1983*, 814 F. Supp. 592 (E.D. Mi. 1993); *see also In re Inflight Explosion of Trans World Airlines. Inc.*, 778 F. Supp. 625, 638 (E.D.N.Y. 1991), *rev'd on other*

---

[1]   While not relevant to the legal issues, Plaintiffs mischaracterized several facts: Flight Attendant Angela Jabola never saw blood on Plaintiff Jane Doe's finger, despite the testimony of Mayur Rao, and there is no evidence that Etihad violated its procedures following the alleged needle stick event.  *See* Harakas Supp. Decl. (July 24, 2015) at Ex. A, p. 14.

1

*grounds*, 975 F.2d 35 (2d Cir. 1992) (holding that decedents' pain and suffering following bomb explosion on aircraft was the direct result of the physical injury). Even if the Korean Air cases were relevant, Plaintiffs overlook that subsequent to these decisions, the U.S. Supreme Court held that such damages were not recoverable by reference, as required by the Convention, to the applicable local law. *See Dooley v. Korean Air Lines Co.*, 524 U.S. 116 (1998).

Here, the alleged mental anguish damages are not the direct result of the needle stick, but rather are from the fear of contagion. These damages do not flow from Plaintiff Jane Doe's minor bodily injury, but rather from the nature of the incident itself, and, therefore, are not recoverable. And, as in the Korean Air cases, when reference is made to local law, such damages are not allowed.

Plaintiffs dismiss the nearly identical case of *Rothschild v. Tower Air, Inc.*, 1995 WL 71053, at *2 (E.D. Pa. Feb. 22, 1995) as distinguishable. *See* Pl.'s Opp., p. 10. *Rothschild*, however, addressed the exact legal issue based on nearly identical facts—both Mrs. Rothschild and Plaintiff Jane Doe were stuck by a needle in an adjacent seat, neither could show any exposure to AIDS/Hepatitis, and both sought subsequent medical treatment. The *Rothschild* court refused to allow the plaintiff to testify about her fear of contagion, because it considered recovery under the circumstances to be "purely speculative"—which is precisely what Etihad is arguing here. *See Rothschild*, 1995 WL 71053, at *2; *see also* Etihad Br.,

2

14-15, 20. Plaintiffs further ignore that the *Rothschild* court relied on local law and determined that the plaintiff must show exposure to AIDS/Hepatitis to recover which, again is what Etihad is arguing here with respect to Michigan law. *Id.*[2]

Plaintiffs describe *Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654 (N.D. Cal. 1994), which held that emotional distress must causally flow from bodily injury as "the most restrictive approach." Pl's Op. p. 11. Jack, however, is considered to be the "mainstream approach" and has been followed by most courts addressing this issue. *See, e.g., Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 401 (2d Cir. 2004) (citing cases).

Citing *In re Aircrash Disaster Near Roselawn, Ind. On Oct. 31, 1994*, 954 F. Supp. 175 (N.D. Ill. 1997), plaintiffs argue that full recovery for emotional injuries is available provided a physical injury occurred. However, as the Court of Appeals noted in *Ehrlich*, *Roselawn* was only one of two district courts to not require that the emotional distress damages flow from the bodily injury. *Ehrlich*, 360 F.3d at 376 (the other case was *In re Air Crash at Little Rock, Arkansas on June 1, 1999*, 118 F. Supp. 2d 916, 918-21 (E.D. Ark. 2000), which later was reversed, 291 F.3d 503 (8th Cir. 2002)).

Here, Plaintiff Jane Doe allegedly was stuck with a hypodermic needle in her finger. It would be the minor pain associated with the needle stick that would

---

[2] Contrary to Plaintiffs' statement, the plaintiff in *Rothschild* received medical treatment. *Rothschild*, 1995 WL 71053, *2.

be the Article 17 "bodily injury" caused by an accident.  Plaintiff Jane Doe's alleged damages for fear of contagion were not caused by this minor bodily injury, but, rather, her mental anguish damages, if any, was caused by her unfounded fear of exposure to a contagious disease.

*The Required Reference to Michigan Law.*  Plaintiff Jane Doe's non-injury is precisely what the Michigan Supreme Court has held to not be recoverable in *Creech v. W.A. Foote Mem'l Hosp., Inc.*, 474 Mich. 1135 (2006) and *Henry v. Dow Chem. Co.*, 473 Mich. 63 (2005).  Unable to distinguish these cases, Plaintiffs assert that these cases are irrelevant and posit a hypothetical to argue that Plaintiff Jane Doe's mere fear of exposure without evidence of exposure/contacting the diseases is sufficient.

As an initial matter, the rule in these cases is not premised on a physical injury but on the basic fact that unless exposure is established, damages for the fear of contagion are speculative as a matter of law.

Plaintiffs' hypothetical is inapposite as it compares a patient with a physical injury that directly caused mental anguish—the real fear of amputation—to this case, where Plaintiff Jane Doe did not contract, or was even at risk of contracting, HIV.  A similar argument was made and rejected by the Court in *Rothschild*, 1995 WL 71053, *2:

> Plaintiffs attempt to distinguish the above Pennsylvania cases by arguing that the cause of action in the matter at hand is not for fear of

4

AIDS, but rather the instant cause of action is for negligence, and the fear of AIDS is merely an injury that Mrs. Rothschild suffered as a result of Defendant's negligence. However, regardless of whether Plaintiffs couch their claim as fear of AIDS or negligence, they are in actuality seeking to recover for fear of AIDS which is not cognizable without some showing of exposure to the disease. [citations omitted].

Plaintiff Jane Doe's mental anguish is "wholly derivative of a *possible future injury* [contracting HIV/Hepatitis] rather than an *actual, present* injury." *See, Henry*, 474 Mich. at 479 (emphasis in original). Therefore, this Court should rely on *Creech* and *Henry* and decide as a matter of law that Plaintiffs' damages are too speculative to be recoverable.[3]

Plaintiffs reliance on *Moll v. Abbott Laboratories*, 444 Mich. 1 (1993) and *Bonney v. Upjohn Co.*, 129 Mich. App. 118 (1983) is misplaced. These cases address the "discovery rule" for statute of limitations trigger purposes in pharmaceutical products liability cases and Plaintiffs' reference to a "possible cause of action" in those cases actually supports Etihad's argument as it requires a showing of an actual injury due to a confirmed exposure. In fact, exposure was not enough. For example, in *Mott*, the plaintiff Harrington was exposed to DES *in utero* in 1955; became aware of her exposure to DES in 1974; was informed that she had a precancerous condition on her cervix in 1975; was advised that she had a

---

[3] Other courts are in accord. *See, e.g., Shumosky v. Lutheran Welfare Services of Northeastern PA, Inc.*, 784 A.2d 196, 202 (Pa. Super. 2001); *Pendergist v. Pendergrass*, 961 S.W.2d 919, 926 (Mo. Ct. App. 1998); *Carroll v. Sisters of Saint Francis*, 868 S.W.2d 585, 594 (Tenn. 1993); *Babich v. Waukesha Mem'l Hosp., Inc.*, 556 N.W.2d 144, 147 (Wis. Ct. App. 1996).

deformed uterus (likely from DES exposure) on December 27, 1983; and, filed suit on December 30, 1986. The Court held that the plaintiff's cause of action accrued only after she discovered that the she had a deformed uterus—an actual injury—not when she was exposed to DES, when she learned of the exposure or when she had a precancerous condition.

In the statute of limitations case, exposure is not enough, but rather there must be actual injury. Similarly, in this case, there is no evidence of exposure or contraction of HIV/Hepatitis—an actual injury.

*The Experts.* Plaintiffs have not offered an expert qualified to dispute that there was a zero risk of transmission and infection under the facts of this case. Rather, they intend to offer medical records from a now-deceased psychologist, Dr. Edwin Kremer, and the testimony of family practitioner, Dr. Brian Phillips, who Plaintiffs accept may have been "misguided". *See* Pl's Opp. p. 16. Seemingly recognizing that Plaintiffs will not be able to support their claim at trial with qualified expert testimony, they attempt to discount the opinions of Etihad's infectious disease expert, Dr. Rodger D. MacArthur, arguing that he did not review the deposition testimony of Mayur Rao even though this testimony was not available until 5 months *after* Dr. MacArthur's report was required to be served and

Mr. Rao offered no additional factual information relevant to formulate an expert opinion, and would not change Dr. MacArthur's conclusions.[4]

***The Derivative Claim.*** Plaintiff John Doe testified that Jane Doe would not engage in sexual relations with him because she was afraid that she would transfer an infectious disease to him. *See* Harakas Supp. Decl. at Ex. B, p. 32. This is clearly derivative of his wife's claims. Thus, to the extent the Court dismisses Plaintiff Jane Doe's claims for emotional damages relating to fear of contagion, it also must dismiss Plaintiff John Doe's loss of consortium claim. *See Long v. Chelsea Community Hosp.*, 219 Mich. App. 578, 589, 557 N.W.2d 157 (Mich. App. 1996).

## CONCLUSION

Etihad's motion should be granted in all respects.

Date: July 24, 2015

Respectfully submitted,

| | |
|---|---|
| JAFFE RAITT HEUER & WEISS, P.C. | CLYDE & CO US LLP |
| By: /s/Scott R. Torpey | Andrew J. Harakas (P39829) |
| Scott Torpey (P36179) | 405 Lexington Avenue, 16th Floor |
| William D. Adams (P54404) | New York, New York 10174 |
| 27777 Franklin Road, Suite 2500 | Tel: (212) 710-3920/Fax: (212) 710-3950 |
| Southfield, MI 48034-8214 | Email: andrew.harakas@clydeco.us |
| Tel: (248) 727-1461/Fax: (248) 351-3082 | Attorneys for Defendant |
| Email: storpey@jaffelaw.com | Etihad Airways P.J.S.C. |

---

[4] Plaintiffs also fail to provide any support for their assertion that the medical literature cited by Dr. MacArthur does not provide a basis for his opinion.

7

## CERTIFICATE OF SERVICE

I certify that on July 24, 2015, the foregoing document was served on all

parties or their counsel of record through the CM/ECF system if they are registered

users or, if they are not, by placing a true and correct copy in the United States

mail, postage prepaid, to their address of record.

/s/Katherine M. Abrignani