UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE and JOHN DOE,
husband and wife,

    Plaintiffs,

Case No. 13-14358

v.

Hon. John Corbett O'Meara

ETIHAD AIRWAYS, P.J.S.C.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is Defendant Etihad Airways, P.J.S.C.'s motion for summary judgment, which has been fully briefed. For the reasons explained below, Defendant's motion is granted.

**BACKGROUND FACTS**

On August 13, 2013, Plaintiff Jane Doe flew on an Etihad Airways flight from Abu Dhabi to Chicago. During the flight, she reached into the seat back pocket and felt a sharp pain. She withdrew her hand and saw blood on her finger. Checking the seat back pocket, Plaintiff found a hypodermic syringe. Etihad personnel provided a bandage for Plaintiff and disposed of the syringe.

The next day, Plaintiff saw her physician who, after consulting with an

infectious disease specialist, ordered tests for HIV and hepatitis and prescribed anti-viral drugs to be taken for thirty days. Plaintiff was tested three times for HIV in the year after her needle injury; she was not found to have developed HIV.

Plaintiff filed this action on October 13, 2013, for her injuries sustained as a result of the needle stick. Plaintiff contends that she suffered emotional distress and mental anguish as a result of her injury, particularly a fear of developing HIV or hepatitis. As result of her uncertain status, she abstained from sexual relations with her husband, John Doe, who alleges a loss of consortium claim.

## LAW AND ANALYSIS

### I. Standard of Review

Defendant seeks partial summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II. Montreal Convention

Plaintiff's claims arise under Article 17 of the Montreal Convention, an international treaty that governs the liability of international air carriers. See

Convention for the Unification for Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. No. 9740 (entered into force on Nov. 4, 2003) reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000). The Montreal Convention superseded the Warsaw Convention, but retained many of the Warsaw Convention's substantive provisions. See generally Ehrlich v. American Airlines, Inc., 360 F.3d 366, 371 n.4 ($2^d$ Cir. 2004). Courts routinely look to legal precedent interpreting the Warsaw Convention for substantively equivalent provisions of the Montreal Convention. See Baah v. Virgin Atlantic Airways Ltd., 473 F. Supp.2d 591, 595-96 (S.D.N.Y. 2007).

    Article 17 of the Montreal Convention provides:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention, art. 17.1. Defendant argues that Plaintiff may not recover emotional distress damages under this provision, which provides liability "for damage sustained *in case of death or bodily injury.*" Id. (emphasis added).

    It is well settled that purely emotional distress damages – which do not arise from a bodily injury – are not recoverable under the Warsaw or Montreal Conventions. See Eastern Airlines v. Floyd, 499 U.S. 530, 552-53 (1991). Rather,

"recovery for mental injuries is permitted only to the extent the distress is caused by the physical injuries sustained." In re Air Crash at Little Rock Arkansas, on June 1, 1999, 291 F.3d 503, (8th Cir. 2002), cert. denied, Lloyd v. American Airlines, Inc., 537 U.S. 974 (2002).  See also Ehrlich v. American Airlines, Inc., 360 F.3d 366, 400 (2d Cir. 2004) (under Warsaw Convention, "a carrier may be held liable under Article 17 for mental injuries only if they are caused by bodily injuries."); Bassam v. American Airlines, Inc., 287 F. App'x 309, 317 (5th Cir. 2008) ("As directed by the Montreal Convention, in looking to existing judicial precedent, courts have held that emotional injuries are not recoverable under Article 17 of the Montreal Convention or Warsaw Convention unless they were caused by physical injuries.").

Defendant argues, and the court agrees, that Plaintiff's mental distress damages were not caused by her physical injury.  It is not the physical needle prick itself that caused Plaintiff's distress, but the possibility that she may have been exposed to an infectious disease.  Plaintiff's emotional distress damages are not available under the Montreal Convention, which provides the exclusive remedy. See El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 161 (1999) (recovery for injury suffered on board aircraft "if not allowed under the Convention, is not available at all.").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for partial summary judgment is GRANTED.

s/John Corbett O'Meara  
United States District Judge

Date:  October 13, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 13, 2015, using the ECF system.

s/William Barkholz  
Case Manager